FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jul 20, 2022**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH S.,[1] | No. 2:21-cv-00038-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 17, 18** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 17, and denies Defendant's motion, ECF No. 18.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

404.1502(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

ORDER - 3

work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers

from "any impairment or combination of impairments which significantly limits

[his or her] physical or mental ability to do basic work activities," the analysis

proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment

does not satisfy this severity threshold, however, the Commissioner must find that

the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On August 8, 2019, Plaintiff applied for Title II disability insurance benefits alleging an amended disability onset date of January 1, 2013. Tr. 20, 77, 153-60. The application was denied initially and on reconsideration. Tr. 92-94, 96-102. Plaintiff appeared before an administrative law judge (ALJ) on September 17, 2020. Tr. 36-66. On September 30, 2020, the ALJ denied Plaintiff's claim. Tr. 17-35.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2017, has not engaged in substantial gainful activity since January 1, 2013. Tr. 21. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: Alagille syndrome, diabetes with peripheral neuropathy, and nodular prurigo. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed

ORDER - 6

impairment.  Tr. 24.  The ALJ then concluded that through the date last insured,

Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] could only occasionally climb ladders, ropes, and scaffolds;
> he could frequently balance and climb ramps and stairs; and he could
> not have concentrated exposure to extreme cold, heat, vibration, or
> workplace hazards (e.g., unprotected heights, moving mechanical
> parts).

Tr. 25.

At step four, the ALJ found Plaintiff was unable to perform any of his past

relevant work.  Tr. 29.  At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, RFC, and testimony from the vocational expert,

there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as assembler, small product; cleaner, housekeeping,

no public; and marker.  Tr. 30.  Therefore, the ALJ concluded Plaintiff was not

under a disability, as defined in the Social Security Act, from the alleged onset date

of January 1, 2013, through the date last insured.  Tr. 31.

On November 16, 2020, the Appeals Council denied review of the ALJ's

decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

1

**ISSUES**

2       Plaintiff seeks judicial review of the Commissioner's final decision denying

3    him disability insurance benefits under Title II of the Social Security Act.  Plaintiff

4    raises the following issues for review:

5       1.  Whether the ALJ properly evaluated the Veterans Affairs (VA) disability

6           determination?

7       2.  Whether the ALJ conducted a proper step-two analysis;

8       3.  Whether the ALJ conducted a proper step-three analysis;

9       4.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

10      5.  Whether the ALJ conducted a proper step-five analysis.

11   ECF No. 17 at 6-7.

12

**DISCUSSION**

13   **A. VA Disability Determination**

14      Plaintiff contends the ALJ erred in his consideration of the VA disability

15   rating.  ECF No. 17 at 9-10.  For claims filed on or after March 27, 2017, decisions

16   made by other governmental agencies are "neither inherently valuable or

17   persuasive," and ALJs "will not provide any analysis about how we considered

18   such evidence."  20 C.F.R. § 404.1520b(c) (March 27, 2017).  Plaintiff argues an

19   ALJ still must ordinarily give great weight to a VA determination of disability.

20   ECF No. 17 at 9 (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

ORDER - 8

2002)).  Defendant argues the change in the regulations renders *McCartey*

inapplicable, ECF No. 18 at 17, and Plaintiff contends *McCartey* was not based

upon the regulations and thus still applies, and further argues new administrative

regulations do not overturn established Ninth Circuit Precedent, ECF No. 19 at 2.

While the Ninth Circuit has not addressed whether the changes to the

regulations displace the case law requiring an ALJ to ordinarily give great weight

to a VA disability rating, the Ninth Circuit has considered whether the change in

regulations displaced the case law requiring an ALJ to provide specific and

legitimate reasons to reject an examining provider's opinion.  *Woods v. Kijakazi*,

No. 21-35458, 2022 WL 1195334, at *3 (9th Cir. Apr. 22, 2022).  In *Woods*, the

court held that the new regulations eliminated the hierarchy of medical opinions

and thus specific and legitimate reasons were no longer required to reject an

examining opinion.  *Id.* at *3-4.  The same reasoning can be applied to the

consideration of the VA disability ratings.  *McCartey* referenced 20 C.F.R. §

404.1504, which has now been significantly revised.  Previously, the regulation

only stated that a disability finding from another agency was not binding on Social

Security.  20 C.F.R. § 404.1504 (effective to March 26, 2017).  It now says such

finding is not binding, and Social Security "will not provide any analysis in our

determination or decision about a decision made by any other governmental

agency or a nongovernmental entity about whether you are disabled."  20 C.F.R. §

404.1504 (March 27, 2017).  Requiring that an ALJ ordinarily give great weight to a VA disability rating would be inconsistent with the new regulation, which no longer requires an ALJ to even provide an analysis of the rating.  *See Reynaldo O. v. Kijakazi*, No. CV 19-10184-AS, 2021 WL 8895083, at *14 (C.D. Cal. Nov. 23, 2021); *see also Victor W. v. Comm'r of Soc. Sec.,* No. C21-1195-BAT, 2022 WL 522618, at *3 (W.D. Wash. Feb. 22, 2022), *reconsideration denied sub nom. Washington v. Comm'r of Soc. Sec.,* No. C21-1195-BAT, 2022 WL 549628 (W.D. Wash. Feb. 23, 2022); *Andrew S. v. Comm'r of Soc. Sec.,* No. C20-6193-SKV, 2021 WL 3260354, at *4 (W.D. Wash. July 30, 2021); *Childs. v. Kijakazi*, No. CV 20-149-M-KLD, 2022 WL 325913, at *4 (D. Mont. Feb. 3, 2022).

While ALJs are no longer required to address the VA disability finding itself, they are still required to "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence." 20 C.F.R. § 404.1504 (March 27, 2017).  Defendant argues the ALJ considered the underlying VA records, as required by the regulation.  ECF No. 18 at 18-19.  However, the ALJ did not possess pertinent records that relate to the VA disability rating.  The ALJ cited to a letter that confirms Plaintiff's disability rating of 100 percent, but the letter does not provide any further information about the disability rating.  Tr. 29 (citing Tr. 167).  The letter states Plaintiff became totally and permanently disabled on June 14, 2018, less than six

ORDER - 10

months after his date last insured.  Tr. 167.  A medical record notes Plaintiff's 100

percent disability rating is due to his PTSD, diabetes mellitus, and paralysis of

musculospiral nerve and anterior crural nerve.  Tr. 1354.  The ALJ erred in failing

to discuss Plaintiff's nerve paralysis impairments, when the impairments are a part

of the evidence underlying the VA disability rating.

When a claimant has a VA disability rating, the administrative record

typically contains one or more compensation and pension examinations and/or a

review of the medical evidence by a medical professional, and a Notice of

Decision that details the disability rating decision.  *See* 38 C.F.R. § 4.1; 38 C.F.R.

§ 3.151; 38 C.F.R. § 3.326; 38 C.F.R. § 3.328.  There is no evidence in the current

record that explains Plaintiff's 100 percent disability rating, the individual ratings

such as the 70 percent rating for PTSD and 60 percent rating for diabetes mellitus,

nor is there an explanation of the onset date.  It is thus unclear what evidence the

VA relied upon in making its disability determination.

Although Plaintiff was represented at the hearing, the ALJ has an

independent duty to fully and fairly develop a record in order to make a fair

determination as to disability, even where, as here, the claimant is represented by

counsel.  *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also*

*Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76

F.3d 251, 255 (9th Cir. 1996).  "Ambiguous evidence, or the ALJ's own finding

ORDER - 11

1  that the record is inadequate to allow for proper evaluation of the evidence, triggers

2  the ALJ's duty to 'conduct an appropriate inquiry.'" *See Tonapetyan*, 242 F.3d at

3  1150 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ

4  did not consider all the supporting evidence underlying the VA disability rating, as

5  required by the regulation, as the ALJ did not possess all the evidence, and the ALJ

6  did not address two of the impairments listed as impairments contributing to

7  Plaintiff's disability rating. Given the clear evidence of the disability rating, and

8  lack of any supporting evidence related to the disability rating evaluation process,

9  the ambiguous evidence triggered the ALJ's duty to develop the record. There is

10  no evidence the ALJ attempted to obtain the missing records. Thus, the ALJ erred

11  in his failure to consider the supporting evidence underlying the VA disability

12  rating. *See Reynaldo O.*, 2021 WL 8895083, at *14; *Andrew S.*, 2021 WL

13  3260354, at *4.

14     On remand, the ALJ is instructed to obtain the VA records related to

15  Plaintiff's VA disability rating, and to consider the evidence underlying the VA

16  disability rating.

17  **B. Step Two**

18     Plaintiff contends the ALJ erred in finding Plaintiff's traumatic brain injury,

19  migraines, and PTSD were non-severe impairments. ECF No. 17 at 10-13. At step

20  two of the sequential process, the ALJ must determine whether claimant suffers

ORDER - 12

from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).

To establish a severe impairment, the claimant must first demonstrate that the impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical or laboratory diagnostic techniques.  20 C.F.R. § 404.1521.  In other words, the claimant must establish the existence of the physical or mental impairment through objective medical evidence (*i.e.*, signs, laboratory findings, or both) from an acceptable medical source; the medical impairment cannot be established by the claimant's statement of symptoms, a diagnosis, or a medical opinion.  *Id.*

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ."  Social Security Ruling (SSR) 85-28 at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers and usual work situations; and

ORDER - 13

1  dealing with changes in a routine work setting.  20 C.F.R. § 404.1522(a); SSR 85-

2  28.[2]

3      Step two is "a de minimus screening device [used] to dispose of groundless

4  claims." *Smolen*, 80 F.3d at 1290.  "Thus, applying our normal standard of review

5  to the requirements of step two, [the Court] must determine whether the ALJ had

6  substantial evidence to find that the medical evidence clearly established that

7  [Plaintiff] did not have a medically severe impairment or combination of

8  impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

9      As the case is being remanded for the ALJ to obtain additional VA records,

10  and consider the evidence underlying the VA disability rating, the ALJ is also

11  instructed to perform the five-step process anew, including reconsidering

12  Plaintiff's severe impairments at step two.  For the purposes of the remand, the

13  Court notes that the ALJ references Plaintiff's "right wrist pain (no objective

14  evidence)" and "carpal tunnel syndrome (CTS) (not established by nerve

15  conduction study)."  Tr. 23.  However, the medical records state Plaintiff had nerve

16  conduction testing done that demonstrated carpal tunnel syndrome; those records

17

18  _____

19  [2] The Supreme Court upheld the validity of the Commissioner's severity

20  regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54

(1987).

ORDER - 14

do not appear to be a part of the administrative record.  Tr. 1309, 1355.  Plaintiff

underwent right carpal tunnel release in 2019, Tr. 1297, 1303, 1365, evidencing

CTS is an established impairment that required surgery and demonstrates objective

evidence of a right upper extremity impairment.

**C. Step Three**

Plaintiff contends the ALJ erred in failing to find Plaintiff's impairments

meet or equal Listings 11.02, 11.14, 11.18, 12.04, 12.06, or 12.15.  ECF No. 17 at

13-16.  At step three, the ALJ must determine if a claimant's impairments meet or

equal a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii).

The Listing of Impairments "describes for each of the major body systems

impairments [which are considered] severe enough to prevent an individual from

doing any gainful activity, regardless of his or her age, education or work

experience." 20 C.F.R. § 404.1525.  "Listed impairments are purposefully set at a

high level of severity because 'the listings were designed to operate as a

presumption of disability that makes further inquiry unnecessary.'" *Kennedy v.

Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S.

521, 532 (1990)).  "Listed impairments set such strict standards because they

automatically end the five-step inquiry, before residual functional capacity is even

considered." *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed criteria for

disability, he will be found to be disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 404.1525(d). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)). "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id.* However, "'[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three.'" *Id.* at 1100 (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing his impairment (or combination of impairments) meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical

ORDER - 16

equivalence at step 3."  SSR 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

As the case is being remanded for the ALJ to obtain additional VA records, and consider the evidence underlying the VA disability rating, the ALJ's instruction to perform the five-step process anew includes reconsidering whether Plaintiff's impairments meet or equal a listing at step three.

**D. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims.  ECF No. 17 at 16-20.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

ORDER - 17

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other

ORDER - 18

factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 404.1529(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 26.

As the ALJ rejected Plaintiff's symptom claims related to his mental health impairments, and the case is being remanded for the ALJ to obtain additional VA records, which should contain additional evidence of Plaintiff's mental health symptoms, the ALJ is also instructed to reconsider Plaintiff's symptom claims.

**E. Step Five**

Plaintiff contends the ALJ erred at step five by relying on vocational expert testimony that was based on an incomplete hypothetical.  ECF No. 17 at 20-21. The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's

ORDER - 19

1  hypothetical does not reflect all of the claimant's limitations, then the expert's

2  testimony has no evidentiary value to support a finding that the claimant can

3  perform jobs in the national economy." *Id*.  However, the ALJ "is free to accept or

4  reject restrictions in a hypothetical question that are not supported by substantial

5  evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

6      As the case is being remanded for the ALJ to obtain additional VA records,

7  the ALJ's instruction to perform the five-step process anew includes reconsidering

8  his step five analysis and taking new vocational expert testimony should such

9  testimony be deemed necessary.

10  **F.  Remedy**

11      Plaintiff urges this Court to remand for an immediate award of benefits.

12  ECF No. 17 at 10, 21.

13      "The decision whether to remand a case for additional evidence, or simply to

14  award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

15  1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.

16  1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily

17  must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d

18  1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.

19  2004) ("the proper course, except in rare circumstances, is to remand to the agency

20  for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec.*

ORDER - 20

1  *Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social

2  Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of

3  discretion for a district court not to remand for an award of benefits" when three

4  conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

5  credit-as-true rule, where (1) the record has been fully developed and further

6  administrative proceedings would serve no useful purpose; (2) the ALJ has failed

7  to provide legally sufficient reasons for rejecting evidence, whether claimant

8  testimony or medical opinion; and (3) if the improperly discredited evidence were

9  credited as true, the ALJ would be required to find the claimant disabled on

10 remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

11 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

12 the Court will not remand for immediate payment of benefits if "the record as a

13 whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759

14 F.3d at 1021.

15      The Court finds further proceedings are necessary because the record is not

16 fully developed in this case.  While Plaintiff argues remand for immediate benefits

17 is appropriate due to the evidence supporting his 100 percent disability rating from

18 the VA, ECF No. 17 at 10, there is no documentation of the VA's rating analysis in

19 the current administrative record.  As discussed *supra,* there is no discussion in the

20 current administrative record that explains what evidence the VA relied upon to

ORDER - 21

establish the rating and the onset date. Further, the established date of total and permanent disability by the VA is after Plaintiff's date last insured. There is no evidence in the record that discusses Plaintiff's disability rating, if any, prior to June 14, 2018. As such, the case is remanded for further proceedings consistent with this order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED July 20, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 22